UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-61162-BLOOM/VALLE

DENNIS HAYNES, Individually,

       Plaintiff,

vs.

MIDAS INTERNATIONAL CORPORATION,

       Defendant.
_____/

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41, Plaintiff, DENNIS HAYNES, and Defendant, MIDAS INTERNATIONAL CORPORATION, by and through their respective undersigned counsel, hereby stipulate to the dismissal of this case with prejudice pursuant to the attached Settlement Agreement entered into between them. Per *Anago Franchising, Inc. v. Shaz*, 677 F.3d 1272 (11th Cir. 2012), the parties notify the Court that the dismissal and effectiveness of the Settlement Agreement are contingent upon the Court retaining jurisdiction to enforce the terms of the Settlement Agreement. In the event the Court declines to retain jurisdiction to enforce, then the Settlement Agreement is null and void and the parties stipulate that the instant action shall remain active as though no settlement agreement were entered into. Therefore, the parties respectfully request that this Court retain jurisdiction for that purpose.

Agreed and stipulated to on the date(s) indicated below by the parties endorsements below:

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| Thomas Bacon, Esq.<br>Thomas B. Bacon, P.A.<br>644 North McDonald Street<br>Mt. Dora, FL 32757 | William G. Salim, Jr., Esq.<br>Moskowitz, Mandell, Salim & Simowitz, P.A.<br>800 Corporate Drive, Suite 500<br>Fort Lauderdale, FL 33334 |
| By: _____<br>Thomas B. Bacon<br>Florida Bar No. 139262<br>E-mail: tbb@thomasbaconlaw.com | By: _____<br>William G. Salim, Jr., Esq.<br>Florida Bar No. 750379<br>E-mail: wsalim@mmsslaw.com |

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-61162-BLOOM/VALLE

DENNIS HAYNES, Individually,

    Plaintiff,

vs.

MIDAS INTERNATIONAL CORPORATION,

    Defendant.

_____/

## SETTLEMENT AGREEMENT

    This SETTLEMENT AGREEMENT is entered into by and between Plaintiff, DENNIS HAYNES, Individually, hereinafter sometimes referred to as "Plaintiff," and Defendant, MIDAS INTERNATIONAL CORPORATION, hereinafter sometimes referred to as "Defendant," on the date last executed below.

    WHEREAS: Defendant operates a franchise system in which it grants rights to independent dealers to operate automobile service center(s) under the name Midas located throughout the United States, the State of Florida, and Broward County. Plaintiff claims that Defendant fails to maintain its website located at www.midas.com (the "Website") as accessible to and usable by visually impaired person in violation of the Americans With Disabilities Act, which unlawfully limits the Plaintiff's use of the Website,. Defendant does not admit the allegations of the Plaintiff's Complaint, but recognizes that the Plaintiff might prevail and receive some of the relief on the merits of his claim and accordingly wishes to resolve this matter to avoid the time, expense and uncertainty of further litigation. Moreover, after extensive review, the parties have determined that the remedial measures agreed to herein are appropriate to bring Defendant's Website into compliance with the Americans With Disabilities Act. In consideration for resolving all matters in dispute, the parties have agreed to the following terms and conditions subject to the Court entry of an Order Approving, Ratifying and Entering the SETTLEMENT AGREEMENT.

    1.    All alterations, modifications, and/or policies required by this SETTLEMENT AGREEMENT shall be completed as required below unless a different completion date is otherwise stated herein. A final Website re-inspection by Plaintiff may take place on or after the date the Defendant is required to complete the remediation to ensure that the modifications to the subject Website required below have been completed. Plaintiff's counsel, expert(s) and/or representatives may access the Website to conduct a re-inspection and verify commencement, progress and completion of the work required hereby. In any event, Defendant or

their counsel shall notify Plaintiff's counsel by email when all improvements contemplated herein are completed. In the event of non-compliance with the terms and conditions of this SETTLEMENT AGREEMENT, Plaintiff shall be entitled to move for immediate injunctive relief.

2. Defendant shall pay Plaintiff's counsel, Thomas B. Bacon, P.A., Plaintiff's attorneys' fees, litigation expenses, expert fees, re-inspection fees and costs incurred in this matter in the total amount of $███████, which amount shall be redacted from the copy of this SETTLEMENT AGREEMENT filed with the Court. Plaintiff's counsel shall provide Defendant's counsel a fully-executed IRS Form W-9 simultaneous with the execution of this SETTLEMENT AGREEMENT, and Plaintiff's counsel understands that Defendant will issue a 1099-MISC form as required under applicable law. Payment shall be made within fifteen (15) days of full execution of this SETTLEMENT AGREEMENT. Once the Defendant tenders the settlement proceeds in good funds to be held in trust pending approval, the parties hereby agree and will request the Court to dismiss the instant action with prejudice, providing for retention of jurisdiction by the Court to enforce, as necessary, the terms of this SETTLEMENT AGREEMENT, pursuant to the Stipulation of Dismissal with Prejudice annexed hereto as Exhibit "A."

3. In any action to enforce this SETTLEMENT AGREEMENT, the prevailing party shall be entitled to attorneys' fees, costs and expert fees in accordance with the standards set forth in 42 U.S.C. Section 12205.

4. This SETTLEMENT AGREEMENT shall be binding upon and inure to the benefit of the parties hereto and their respective successor and/or assigns. The parties shall perform their obligations under this SETTLEMENT AGREEMENT in good faith.

5. The parties agree that any delays in making the modifications to the Website as provided for pursuant to this SETTLEMENT AGREEMENT caused by third parties, including but not limited to website design issues, coding errors, viruses, and the like, will not be deemed to violate the compliance dates herein as long as the Defendant makes a good faith effort to effect implementation as soon as reasonably possible thereafter.

6. Except for the terms and conditions of this SETTLEMENT AGREEMENT, Plaintiff hereby releases and discharges Defendant, and its shareholders, directors, officers, employees, agents, successors and assigns, including without limitation Midas, Inc., TBC Corporation, TBC Shared Services, Inc., Sumitomo Corporation of America and Defendant's Website designers, hosts, servicers, or consultants, from any and all claims and causes of action which he has arising under the Americans With Disabilities Act with respect to and limited to the Website as it exists on the date of this SETTLEMENT AGREEMENT, any policies, procedures and/or practices associated in any way with the Website (and/or the design,

       construction, content, maintenance, accessibility, compatibility with screen-reading software, compatibility with screen access software, use, store locator features, payment features and/or other operation of the Website.

7.     All references to the Web Content Accessibility Guidelines (WCAG) 2.0 Level AA shall refer to the standards currently in effect as of the date hereof. Should the Department of Justice issue definitive, applicable and final regulations adopting a specific legal standard or requirement for website accessibility that is different from the WCAG 2.0 Level AA, Defendant agrees to implement such standards within two (2) years of the effective date thereof.

8.     The parties acknowledge that the modifications described in this SETTLEMENT AGREEMENT shall be implemented according to the standards set out in the WCAG 2.0 Level AA, to the extent readily achievable.

9.     This SETTLEMENT AGREEMENT can be executed in any number of counterparts, each of which shall be taken to be one and the same instrument, for the same effect as if all parties hereto had signed the same signature page. A copy or facsimile of any party's signature shall be deemed as legally binding as the original signatures.

10.    The Defendant is advised that under certain circumstances a tax credit and/or tax deduction may be available to businesses to help cover the cost of making access improvements. (See Sections 44 and 190 of the Internal Revenue Code.)

11.    When Defendant has completed all modifications, it shall provide notice thereof to Plaintiff's counsel, including a report generally summarizing the actions it has taken pursuant to this SETTLEMENT AGREEMENT to modify the Website.

12.    The Defendant shall bring the Website into compliance with WCAG 2.0 Level AA standards on or before July 18, 2019.

**[SIGNATURES ON NEXT PAGE]**

SIGNATURES:

PLAINTIFF:

_____DTH_____     Date: 7-21-17
DENNIS HAYNES

DEFENDANT:

MIDAS INTERNATIONAL CORPORATION

By: _____     Date: 7-19-2017
Name: Doug Sargent
Title: VP Assistant General Counsel

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.: 17-cv-61162-BLOOM/VALLE

DENNIS HAYNES, Individually,

    Plaintiff,

vs.

MIDAS INTERNATIONAL CORPORATION,

    Defendant.
_____/

## STIPULATION OF DISMISSAL WITH PREJUDICE

Pursuant to Fed. R. Civ. P. 41, Plaintiff, DENNIS HAYNES, and Defendant, MIDAS INTERNATIONAL CORPORATION, by and through their respective undersigned counsel, hereby stipulate to the dismissal of this case with prejudice pursuant to the attached Settlement Agreement entered into between them. Per *Anago Franchising, Inc. v. Shaz*, 677 F.3d 1272 (11th Cir. 2012), the parties notify the Court that the dismissal and effectiveness of the Settlement Agreement are contingent upon the Court retaining jurisdiction to enforce the terms of the Settlement Agreement. In the event the Court declines to retain jurisdiction to enforce, then the Settlement Agreement is null and void and the parties stipulate that the instant action shall remain active as though no settlement agreement were entered into. Therefore, the parties respectfully request that this Court retain jurisdiction for that purpose.

Agreed and stipulated to on the date(s) indicated below by the parties endorsements below:

EXHIBIT "A"

| FOR THE PLAINTIFF: | FOR THE DEFENDANT: |
|---|---|
| Thomas Bacon, Esq.<br>Thomas B. Bacon, P.A.<br>644 North McDonald Street<br>Mt. Dora, FL 32757 | William G. Salim, Jr., Esq.<br>Moskowitz, Mandell, Salim & Simowitz, P.A.<br>800 Corporate Drive, Suite 500<br>Fort Lauderdale, FL 33334 |
| By: _____<br>Thomas B. Bacon<br>Florida Bar No. 139262<br>E-mail: tbb@thomasbaconlaw.com | By: _____<br>William G. Salim, Jr., Esq.<br>Florida Bar No. 750379<br>E-mail: wsalim@mmsslaw.com |